HENDRY, Judge
(dissenting).
I respectfully dissent.
The plaintiff, Friendly Ford, Inc., appeals an adverse jury verdict, the entry of final judgment thereon, and the denial of a motion for a new trial.
Friendly sued Avis Rent A Car System, Inc. for $8,760, based upon a contract between the parties. This amount represented the sum of $20.00 which Avis had deducted on each car Avis purchased from Friendly.
*747 Avis contended that the $20.00 was a “Ford Dealer Advertising Fee” (FDAF) included on invoices for each car which the Ford Motor Company sold to Friendly ^ Ford. It was maintained by Avis that in the customary parlance of the automobile industry, Avis was a “fleet purchaser,” that the invoices submitted by Friendly were contrary to the custom (and Avis’ custom) of purchasing vehicles from dealers on a “cost-plus” basis, and therefore that the $20.00 item was contrary to the agreement entered into by the parties.
At trial, Avis was permitted to introduce evidence regarding this trade practice. In addition, the rental company was permitted to introduce a letter of confirmation from its regional vice-president, dated October 6, 1970, varying the terms of five purchase orders which Avis prepared and delivered to Friendly Ford.
The purchase orders (two of which were dated October 6, 1970; one, October 27, 1960; and two, November 2, 1970) recited:
“Terms:
“Dealer’s Factory -Invoice Plus $75.00, Less 2% Including Pre-Delivery Service and Warranty.”
The letter of confirmation, however, signed by I. A. Ortega, Avis’ vice-president, stated that the conditions of sale of the vehicles were: “Dealers cost, less 2%, plus $75.” [Emphasis ours.]
It is appellant’s contention that the purchase orders which Avis prepared and which Friendly accepted were clear and unambiguous, and permitting testimony and documentary evidence to vary the terms thereof was error. I agree, and accordingly, I would reverse and remand with instructions to enter judgment in favor of Friendly Ford.
Avis does not contend that the mutual assent to the terms of the purchase orders resulted from mistake, fraud or accident. Rather, it simply contends that “Dealer’s factory invoice” in the custom of trade and according to a letter of confirmation means “Dealer’s cost.”
However, in my view, the best indication of the intention of the parties is the written purchase orders. See, All-Dixie Insurance Agency, Inc. v. Moffatt, Fla.App. 1968, 212 So.2d 347. These purchase orders are clear and free from ambiguity in and of themselves. The introduction of supplemental and explanatory evidence in this case served only to contradict the terms of the purchase orders. See, Fla. Stat. § 672.2-202, F.S.A.
Therefore, for the reasons stated, I must dissent from the majority view.